# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.

SERGIO LOPEZ,

        Defendant.

Crim. No. 03-187 (RHK/AJB)

**MEMORANDUM AND ORDER**

---

This matter is presently before the Court on Defendant's application for leave to proceed in forma pauperis, ("IFP").  (Docket No. 35.)  Also before the Court at this time is a letter from Defendant, which the Court construes to be a motion seeking a free copy of the transcript from his sentencing.  (Docket No. 34.)  Defendant's letter-motion indicates that he wants a copy of the sentencing transcript to support some unidentified "claims" that he apparently intends to bring before the Court at some time in the future, presumably in a motion seeking relief under 28 U.S.C. § 2255.  For the reasons discussed below, both of Defendant's requests will be DENIED.

A.  IFP Application

Defendant's request for IFP status will be denied because it does not pertain to any petition, appeal or other application for substantive relief currently pending in this matter.  See United States v. Groce, 838 F.Supp. 411, 413 (E.D.Wis. 1993) ("28 U.S.C. § 1915(a) does not authorize a party to proceed in forma pauperis" when the request is "disencumbered from a pending action"); United States v. Anderson, No. 2:94cr163 (E.D.Va. 1997), 1997 WL 138970 at *1 (Defendant's application for leave to proceed in forma pauperis must be denied where it is "unassignable to any pending action"), aff'd 5 Fed.Appx. 190

(4th Cir. 2001) (not selected for publication).  Defendant apparently <u>intends</u> to commence a § 2255 post-conviction proceeding sometime in the future, but no such proceeding has been filed as yet.[1]  Because Defendant's IFP application does not pertain to any other pending substantive proceeding, his request for IFP status will be denied.[2]

    B. <u>Request For Sentencing Transcript</u>

Defendant also is seeking a copy of the sentencing transcript in this matter.  He apparently wants that transcript to help him prepare a § 2255 motion, and he apparently believes that the transcript should be provided to him, at no cost, simply because he is (allegedly) indigent.  However, a federal prisoner is <u>not</u> automatically entitled to free copies of transcripts for use in connection with a § 2255 motion simply because he is indigent.  The applicable statute, 28 U.S.C. § 753(f), provides that

> "Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose <u>if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal</u>."  (Emphasis added.)

This statute clearly indicates that free transcripts do not have to be provided to indigent § 2255 petitioners in every case.  "Under 28 U.S.C. § 753(f), an indigent defendant is entitled to have the government pay the fees for a copy of his transcript in a § 2255 proceeding only if he demonstrates that his suit is not frivolous and that the transcript is needed to decide the issue presented by the suit." <u>Sistrunk</u>

---

[1]  Of course, there is no fee requirement for a motion brought under § 2255, (because it is simply a motion filed in the original criminal case), so Defendant will not need IFP status to avoid a filing fee even if he does file such a motion sometime in the future.

[2]  If Defendant is requesting IFP status just to obtain a free copy of the sentencing transcript, his request is unavailing for the reasons discussed below.

v. United States, 992 F.2d 258, 259 (10th Cir. 1993).  See also United States v. Losing, 601 F.2d 351,

353 (8th Cir. 1979) ("it is clear that a majority of the [Supreme] Court [has] concluded that a prisoner has

no absolute right to a transcript to assist him in the preparation of a collateral attack on his conviction, and

that constitutional requirements are met by providing such materials only after judicial certification that they

are required to decide the issues presented by a non-frivolous pending case").

In this case, Defendant has not identified any specific claim for relief that could properly be raised

in a § 2255 motion, nor has he explained why he needs a copy of the sentencing transcript in order to

present any such claim.  Defendant's request for a free copy of the sentencing transcript will therefore be

denied.[3]

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1.  Defendant's "Application To Proceed Without Prepayment Of Fees And Affidavit," (Docket

No. 35), is DENIED; and

2.  Defendant's request for a free copy of the sentencing transcript, (Docket No. 34), is DENIED.

Dated:  ____8/31____, 2005

s/Richard H. Kyle_____
RICHARD H. KYLE
United States District Court Judge

---

[3]  The Court notes that Defendant's attorney presumably has a copy of the sentencing transcript, and Defendant has made no effort to explain why he cannot obtain that transcript from his counsel.